David R. Ehrlich (de-9786)
Amanda B. Slutsky (as-5655634)
Stagg Wabnik Law Group LLP
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 812-4550
dehrlich@staggwabnik.com
aslutsky@staggwabnik.com

*Attorneys for Plaintiff*
*Magdalena Adamiak*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X   Docket No.:
 MAGDALENA ADAMIAK,

                              Plaintiff,       **COMPLAINT**

        -against-       **JURY TRIAL DEMANDED**

TRH HOSPITALITY LLC d/b/a THE ROSLYN HOTEL,
935 LAKSHMI, LLC d/b/a 1221 MFP and
MY FATHER'S PLACE, KAMAL AHMED and
SUMEER KAKAR, individually,

                            Defendants.
----------------------------------------------------------------------X

      Plaintiff Magdalena Adamiak ("Plaintiff" or "Adamiak"), by her attorneys, Stagg Wabnik Law Group LLP, complaining of Defendants TRH Hospitality LLC d/b/a The Roslyn Hotel ("TRH"), 935 Lakshmi, LLC d/b/a 1221 MFP and My Father's Place ("Lakshmi") (TRH and Lakshmi collectively referred to as "Corporate Defendants"), Kamal Ahmed ("Ahmed"), and Sumeer Kakar ("Kakar") (collectively "Defendants"), herein alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff was a hardworking and beloved server of Defendants until she was unlawfully discriminated and retaliated against by Defendants based upon her sex. Plaintiff

brings this action against Defendants for discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 *et seq*. Defendants' conduct was willful and showed a reckless disregard for Plaintiff, which caused and continues to cause Plaintiff to suffer substantial economic and noneconomic damages, and severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the action under 28 U.S.C. §1331.

3. Pursuant to 28 U.S.C. § 1367, this Court has jurisdiction over the New York State claims by way of supplemental jurisdiction.

4. Venue is proper in this District pursuant to Title 28 U.S.C. § 1391(b) and (c) as Plaintiff's claims arose within this District.

5. On or about December 11, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging discrimination and retaliation on the basis of sex.

6. On October 1, 2020, the EEOC dismissed Plaintiff's Charge and issued a notice of right to sue.

7. This complaint is being filed within 90 days of Plaintiff's receipt of the EEOC notice.

## THE PARTIES

8. Plaintiff is an individual residing in Nassau County, in the State of New York, and was employed by Defendants as server.

9. At all relevant times, TRH is a foreign limited liability company incorporated in Delaware that conducts its principle business in the State of New York located at 1221 Old Northern Boulevard, Roslyn, New York 11576, and are subjected to the laws of the State of New York. TRH owns and operates the Roslyn Hotel, which contains a restaurant called 1221 MFP, and an entertainment venue called My Father's Place ("MFP").

10. At all relevant times herein, Lakshmi is a limited liability company duly organized and existing under the laws of the State of New York with a principal place of business at 1221 Old Northern Boulevard, Roslyn, New York 11576. Upon information and belief, Lakshmi owns and operates a restaurant called 1221 MFP and an entertainment venue called My Father's Place, both located in the Roslyn Hotel.

11. At all relevant times herein, Kakar was the co-owner of Corporate Defendants, and possessed operational control over the Corporate Defendants, and controlled significant functions of the Corporate Defendants. He determined the wages and compensation of the employees of the Corporate Defendants, established the schedules of the employees, maintained employee records, had the authority to hire and fire employees, and/or otherwise had the authority to alter the terms and conditions of the employees' employment, including Plaintiff.

12. At all relevant times herein, Ahmed was employed by the Corporate Defendants as a manager. He determined the wages and compensation of the employees of the Corporate Defendants, established the schedules of the employees, maintained employee records, had the authority to hire and fire employees, and/or otherwise had the authority to alter the terms and conditions of the employees' employment, including Plaintiff.

13. At all relevant times herein, Defendants maintained a workforce of over fifteen employees.

## STATEMENT OF FACTS

14. In or around January 2019, Plaintiff was hired as a server. Plaintiff was paid on an hourly basis as a tipped employee for her work as a server.

15. As a server, Plaintiff took the customers' orders, set up tables, and trained other servers.

16. When Plaintiff first received an offer to work for Defendants, Plaintiff informed them that she needed to relocate for the job and decided to have her daughter live with her parents.

17. Plaintiff initially worked full-time as a server, and earned, with tips, approximately $800 per week.

18. Plaintiff often received praise from her customers and customers regularly requested Plaintiff be their server. Additionally, whenever Kakar and his family ate at 1221, Ahmed requested Plaintiff serve Kakar's table.

19. Starting in or around February/March 2019, Ahmed began to harass Plaintiff solely based upon her sex. Ahmed regularly told Plaintiff to "fucking move" and "fucking leave." Ahmed also frequently called Plaintiff a "bitch." For example, Ahmed said to Plaintiff: "fucking move bitch." Ahmed also put his hands in Plaintiff's face in a rude and disrespectful way. Ahmed never treated male employees in this manner.

20. Additionally, out of the six servers under Ahmed's supervision and management, Plaintiff was the only female server. As for the other staff, there were only two

other female employees, and one in particular, who was a young immigrant, faced abusive conduct at the hands of Ahmed.

21.     Ahmed did not treat any male servers in the manner he treated Plaintiff. For example, Ahmed often drank alcohol with male servers during and after work hours. However, Ahmed always forced Plaintiff to leave 1221 after her shift. Moreover, Ahmed did not allow Plaintiff in the "family room," which is a room in 1221 where male employees socialized after their shifts. Likewise, if Plaintiff wanted to eat a meal or snack in 1221 after her shift, Ahmed yelled at Plaintiff to immediately leave the premises after she finished eating even though Plaintiff might be waiting for a ride home. This never happened to Plaintiff's male colleagues.

22.     Ahmed's discriminatory and harassing conduct often left Plaintiff in tears after every shift. Because of Ahmed's constant discriminatory comments, Plaintiff, in or about March 2019, complained to Kakar that Ahmed discriminated against Plaintiff and created a hostile and inappropriate work environment. Rather than remedy the discrimination, Kakar discounted and ignored Plaintiff's complaints, failed to investigate the situation, and even took Ahmed's side.

23.     The harassment escalated after Plaintiff complained to Kakar. The conduct Plaintiff faced was so horrible that she had no choice but to complain to Ahmed himself, in or around March 2019. Plaintiff told Ahmed that his conduct created a hostile work environment, and he was discriminating against her based upon her sex. In response, Ahmed discriminatorily told Plaintiff that "you women are too emotional, you will get over it."

24.     Within the next few days, Ahmed retaliated against Plaintiff by reducing her hours. Specifically, Ahmed reduced Plaintiff's schedule from full-time to two days per

week. As a result, Plaintiff's weekly earnings, with tips, was reduced from approximately $800 per week to $200 per week.

25. Ahmed also transferred Plaintiff from 1221 to MFP, and upon information and belief, did so because he did not want to see Plaintiff. If Plaintiff even stepped foot in 1221, Ahmed yelled at Plaintiff to leave the restaurant.

26. In or around the end of March 2019, Plaintiff asked Ahmed about her reduced schedule as Plaintiff could no longer support her daughter as a single mother on earnings from only two days per week. Once again, instead of engaging in an appropriate conversation, Ahmed stated, "I do not want to hear a word" and "shush." At this time, Ahmed handed Plaintiff her last paycheck, told Plaintiff that she was no longer needed, discharged Plaintiff, and then escorted Plaintiff off the premises.

27. After Plaintiff was discharged, Plaintiff became depressed and suffered severe panic attacks, something that Plaintiff never experienced prior to her employment with Defendants. Plaintiff's panic attacks became more frequent and severe, and Plaintiff went days without sleep. Between Plaintiff's panic attacks, lack of sleep, and depression, Plaintiff had a psychological breakdown and committed herself to a psychiatric institution to stabilize herself.

28. Plaintiff stayed at the psychiatric institute for ten days. After that, Plaintiff continued to receive regular psychiatric and psychological treatment, along with several medications, despite having never had any prior significant psychological treatment or diagnosis.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST THE CORPORATE DEFENDANTS
## (Discrimination on the Basis of Sex in Violation of Title VII)

29. Plaintiff hereby repeats, realleges, and reiterates each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

30. Plaintiff is a member of a protected class in that she is female.

31. Plaintiff, as described *supra*, was subjected to discriminatory and sex-based comments on a regular basis by Ahmed. Plaintiff was also subject to discriminatory and sex-based comments by Kakar.

32. Plaintiff was also treated abusively by Ahmed because of her sex, as described specifically above. The abusive treatment was directed at her because she was female and was not directed toward the male servers. Ahmed treated Plaintiff in a disparate fashion as compared to male employees.

33. Plaintiff suffered an adverse action because she was female, including significantly reducing her hours worked and discharging her.

34. The reduction of Plaintiff's schedule and her discharge was a result of Ahmed's misogyny.

35. By engaging in the foregoing conduct, the Corporate Defendants, through Kakar and Ahmed, acted with malice and/or with reckless disregard for Plaintiff's rights under Title VII.

36. As a result of the sexual discrimination and harassment, Plaintiff suffered and continues to suffer severe emotional distress, loss of enjoyment of life, lost wages, and other damages.

37. Plaintiff was damaged in an amount that exceeds any jurisdictional requirements of the Court, which will be determined at trial, and Plaintiff is entitled to punitive damages and attorneys' fees and costs.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST THE CORPORATE DEFENDANTS
## (Retaliation under 42 U.S.C. § 2000e-3(a))

38. Plaintiff hereby repeats, realleges, and reiterates each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

39. Title 42 of the U.S.C. § 2000e-3(a) provides that "it shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

40. Plaintiff reported to Kakar that Ahmed was discriminating against her. The Corporate Defendants never investigated.

41. Plaintiff also complained directly to Ahmed about his sexually discriminatory and abusive conduct. Ahmed mocked her by telling her that "you women are too emotional." Days later he reduced her schedule.

42. Plaintiff made another complaint to Ahmed about him reducing her schedule after she complained about his discrimination and abuse, and he immediately discharged her.

43. Ahmed reduced Plaintiff's schedule and later discharged her because she complained about his sexually abusive and discriminatory conduct.

8

44. After Plaintiff made complaints of discrimination, Defendants engaged in the conduct as described above, which would dissuade a reasonable employee from making a complaint of discrimination.

45. The discharge of Plaintiff because of her making complaints violates 42 U.S.C. § 2000e-3(a).

46. As a direct and proximate result of Defendants' unlawful and retaliatory actions in violation of 42 U.S.C. § 2000e-3(a), Plaintiff suffered, and continues to suffer, monetary losses, including but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief.

47. As a direct and proximate result of Defendants' unlawful and retaliatory actions in violation of 42 U.S.C. § 2000e-3(a), Plaintiff suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages in an amount which exceeds the jurisdictional limits of all lower courts.

48. As a direct and proximate result of Defendants' unlawful and discriminatory actions in violation of 42 U.S.C. § 2000e-3(a), Plaintiff is entitled to punitive damages, plus attorneys' fees and costs.

**AS AND FOR A THIRD CAUSE OF ACTION
AGAINST THE CORPORATE DEFENDANTS
(Hostile Work Environment in Violation of Title VII)**

49. Plaintiff hereby repeats, realleges, and reiterates each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

9

50. Ahmed, Plaintiff's direct supervisor, made a myriad of sexually abusive remarks to Plaintiff, including calling her "bitch" and telling her that "you women are too emotional," when she complained about his sexually abusive conduct.

51. Ahmed also treated Plaintiff in an abusive manner because she was a woman, and did not treat male servers in the same abusive way. Ahmed treated Plaintiff in a disparate fashion as compared to the male employees, as described above. Ahmed's abusive conduct toward Plaintiff, and disparate treatment of Plaintiff as compared to the male servers, was a result of Plaintiff being female.

52. Ahmed's sexist conduct was continuous and severe.

53. Because Ahmed was a manager and Plaintiff's direct supervisor, the Corporate Defendants are liable for Ahmed's sexist, misogynistic, and abusive conduct.

54. Defendants discriminated against Plaintiff on the basis of sex, in violation of Title VII through a pattern and practice of fostering, condoning, accepting, ratifying and otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive sex discrimination of Plaintiff.

55. Defendants, through Ahmed, created a hostile work environment for Plaintiff by embarrassing, and humiliating Plaintiff, and Defendants failed to remedy it when Plaintiff complained.

56. By engaging in the foregoing conduct, the Corporate Defendants, through Ahmed, created a hostile work environment for Plaintiff because of her sex in violation of her rights under Title VII.

57. By engaging in the foregoing conduct, the Corporate Defendants, through Ahmed, acted with malice and/or with reckless disregard for Plaintiff's rights under Title VII.

58. As a result of Defendants' harassment and hostile work environment in violation of Title VII, Plaintiff suffered and continues to suffer severe emotional distress, loss of enjoyment of life, lost wages, and other damages.

59. Plaintiff was damaged in an amount that exceeds any jurisdictional requirements of the Court, which will be determined at trial, and Plaintiff is entitled to punitive damages and attorneys' fees and costs.

**AS AND FOR A FOURTH CAUSE OF ACTION
AGAINST ALL DEFENDANTS**
**(Discrimination on the Basis of Sex in Violation of New York Executive Law § 290 *et seq.*)**

60. Plaintiff hereby repeats, realleges, and reiterates each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

61. Executive Law § 296(1)(a) provides that: "It shall be an unlawful discriminatory practice for an employer . . . because of an individual's sex . . . to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

62. Plaintiff is a member of a protected class in that she is female.

63. Plaintiff, as described *supra*, was subjected to discriminatory and sex-based comments on a regular basis by Ahmed. Plaintiff was also subject to discriminatory and sex-based comments by Kakar.

64. Plaintiff was also treated abusively by Ahmed because of her sex, as described specifically above. The abusive treatment was directed at her because she was female and was not directed toward the male servers. Ahmed treated Plaintiff in a disparate fashion as compared to male employees.

65. Plaintiff suffered an adverse action because she was female, including significantly reducing her hours worked and discharging her.

66. The reduction of Plaintiff's schedule and her discharge was a result of Ahmed's misogyny.

67. By engaging in the foregoing conduct, the Corporate Defendants, through Kakar and Ahmed, acted with malice and/or with reckless disregard for Plaintiff's rights under the New York Executive Law section 296, *et seq*.

68. As a direct and proximate result of Defendants' sex discrimination in violation of Executive Law § 296, Plaintiff suffered and continues to suffer monetary losses, including but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages.

69. As a direct and proximate result of Defendants' sex discrimination in violation of Executive Law § 296, Plaintiff suffered, and continues to suffer severe, mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages.

70. As a direct and proximate result of Defendants' unlawful and discriminatory actions in violation of the Executive Law § 296, Plaintiff is entitled to punitive damages, plus attorneys' fees and costs.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS (Retaliation in Violation of New York Executive Law § 290 *et seq.*)

71. Plaintiff hereby repeats, realleges, and reiterates each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

72. Executive Law § 296(7) provides that: "It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person or because she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article."

73. Plaintiff reported to Kakar that Ahmed was discriminating against and abusing her. The Corporate Defendants never investigated.

74. Plaintiff also complained directly to Ahmed about his sexually discriminatory and abusive conduct. Ahmed mocked her by telling her that "you women are too emotional." Days later he reduced her schedule.

75. Plaintiff made another complaint to Ahmed about him reducing her schedule after she complained about his discrimination and abuse, and he immediately discharged her.

76. Ahmed reduced Plaintiff's schedule and later discharged her because she complained about his sexually abusive and discriminatory conduct.

77. After Plaintiff made complaints of discrimination, Defendants engaged in the conduct as described above, which would dissuade a reasonable employee from making a complaint of discrimination.

78. The discharge of Plaintiff because of her making complaints violates New York Executive Law § 296(7).

79. As a direct and proximate result of Defendants' unlawful and retaliatory actions in violation of New York Executive Law § 296(7), Plaintiff suffered, and continues to suffer, monetary losses, including but not limited to, loss of past and future income,

13

compensation and benefits, for which she is entitled to an award of monetary damages and other relief.

80. As a direct and proximate result of Defendants' unlawful and retaliatory actions in violation of New York Executive Law § 296(7), Plaintiff suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages in an amount which exceeds the jurisdictional limits of all lower courts.

81. As a direct and proximate result of Defendants' unlawful and discriminatory actions in violation of New York Executive Law § 296(7), Plaintiff is entitled to punitive damages, plus attorneys' fees and costs

### AS AND FOR A SIXTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### (Hostile Work Environment in Violation of New York Executive Law § 290 *et seq.*)

82. Plaintiff hereby repeats, realleges, and reiterates each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

83. Executive Law § 296(1)(h) provides that: "It shall be an unlawful discriminatory practice . . . for any employer . . . to subject an individual to harassment because of . . . sex . . . or because the individual has opposed any practices forbidden under this article . . . regardless of whether such harassment would be considered severe or pervasive . . . such harassment is an unlawful discriminatory practice when it subjects an individual to inferior terms, conditions of privileges of employment because of the individual's membership in one or more of these protected categories . . . nothing in this

section shall imply that an employee must demonstrate the existence of an individual to whom the employee's treatment must be compared . . . ."

84. Ahmed, Plaintiff's direct supervisor, made a myriad of sexually abusive remarks to Plaintiff, including calling her "bitch" and telling her that "you women are too emotional," when she complained about his sexually abusive conduct.

85. Ahmed also treated Plaintiff abusively because she was a woman, and did not treat the male servers in the same abusive way. Ahmed treated Plaintiff in a disparate fashion as compared to the male employees, as described above. Ahmed's abusive conduct toward Plaintiff, and disparate treatment of Plaintiff as compared to the male servers, was a result of Plaintiff being female.

86. Ahmed's sexist conduct was continuous and severe.

87. Because Ahmed was a manager and Plaintiff's direct supervisor, the Corporate Defendants are strictly liable for Ahmed's sexist, misogynistic and abusive conduct.

88. Defendants discriminated against Plaintiff on the basis of sex, in violation of Executive Law § 296(1)(h) through a pattern and practice of fostering, condoning, accepting, ratifying and otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive sex discrimination of Plaintiff.

89. Defendants, through Ahmed, created a hostile work environment for Plaintiff by harassing, embarrassing, and humiliating Plaintiff, and Defendants failed to remedy it when Plaintiff complained.

90. Based on the foregoing actions, Defendants created a hostile work environment for Plaintiff because of her sex in violation of Executive Law § 296(1)(h).

91. As a direct and proximate result of Defendants' harassment and hostile work environment in violation of Executive Law § 296(1)(h), Plaintiff suffered, and continues to suffer, monetary losses, including but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief.

92. As a direct and proximate result of Defendants' harassment and hostile work environment in violation of Executive Law § 296(1)(h), Plaintiff suffered and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages.

93. As a direct and proximate result of Defendants' unlawful and discriminatory actions in violation of Executive Law § 296(1)(h), Plaintiff is entitled to punitive damages, plus attorneys' fees and costs.

**AS AND FOR A SEVENTH CAUSE OF ACTION
AGAINST KAKAR and AHMED
(Aiding and Abetting in Violation of New York Executive Law § 290 *et seq.*)**

94. Plaintiff hereby repeats, realleges, and reiterates each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

95. Executive Law § 296(6) provides that: "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

96. As described above, Kakar and Ahmed all engaged in conduct that created a hostile work environment based on sex, that was discriminatory based on sex, and that was retaliatory based on Plaintiff's complaints of discrimination.

97. Kakar and Ahmed knowingly and/or recklessly aided, abetted, incited, compelled, and coerced the unlawful employment practices, discrimination, and retaliation against Plaintiff in violation of Executive Law § 296(6) by actively participating in the unlawful conduct set forth above.

98. As a direct and proximate result of Defendants' aiding and abetting in violation of Executive Law § 296(6), Plaintiff suffered and continues to suffer, monetary losses, including but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief.

99. As a direct and proximate result of Defendants harassment and hostile work environment in violation of Executive Law § 296(6), Plaintiff suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages.

100. As a direct and proximate result of Defendants' unlawful and discriminatory actions in violation of Executive Law § 296(6), Plaintiff is entitled to punitive damages, plus attorneys' fees and costs.

### AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Intentional Infliction of Emotional Distress)

101. Plaintiff hereby repeats, realleges, and reiterates each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

102. Throughout Plaintiff's employment with Defendants, Defendants engaged in extreme and outrageous conduct that discriminated against Plaintiff based upon her sex, forced Plaintiff to work in a hostile work environment, altered the terms and conditions of her employment, and caused her severe emotional distress.

103. Defendants chastised Plaintiff when she complained about discrimination and harassment, and terminated her employment upon Plaintiff's complaints regarding discriminatory and retaliatory behavior.

104. As a result of Defendants' conduct, Plaintiff suffered from extreme emotional distress and humiliation and embarrassment, for which Plaintiff is entitled to an award of damages.

105. By reason of the foregoing, Defendants are liable to Plaintiff for compensatory damages in an amount to be determined at trial, plus punitive damages.

## **JURY DEMAND**

106. Plaintiff requests a jury trial on all issues to be tried.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant judgment in her favor and against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the federal laws and the laws of the State of New York;

B. Awarding Plaintiff damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

C. Awarding Plaintiff damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest, to compensate Plaintiff for all

   non-monetary and/or compensatory damages, including but not limited to, compensation for her severe mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, emotional pain and suffering and other physical and mental injuries;

D. Awarding Plaintiff damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest;

E. Awarding Plaintiff punitive damages, in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter;

F. Awarding Plaintiff costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

G. Awarding Plaintiff such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
       December 10, 2020

                                Stagg Wabnik Law Group LLP

                                By: /s/ David R. Ehrlich
                                    David R. Ehrlich (de-9786)
                                    Amanda B. Slutsky (as-5655634)
                                    *Attorneys for Plaintiff*
                                    *Magdalena Adamiak*
                                    401 Franklin Avenue, Suite 300
                                    Garden City, New York 11530
                                    (516) 812-4550
                                    dehrlich@staggwabnik.com
                                    aslutsky@staggwabnik.com

To:

    TRH Hospitality LLC
    d/b/a The Roslyn Hotel
    1221 Old Northern Boulevard
    Roslyn, NY 11576

    935 Lakshmi, LLC
    d/b/a 1221 MFP and My Father's Place
    1221 Old Northern Boulevard
    Roslyn, NY 11576


    Kamal Ahmed
    c/o TRH Hospitality d/b/a the Roslyn Hotel
    1221 Old Northern Boulevard
    Roslyn, NY 11576

    Sumeer Kakar
    c/o TRH Hospitality d/b/a the Roslyn Hotel
    221 Old Northern Boulevard
    Roslyn, NY 11576